## In the Matter of Short

564

Disciplinary Board Docket no. 13 D.B. 1995.

McLAUGHLIN, *Member,* May 12, 2003—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, Michael Anthony Short, filed a petition for reinstatement to the bar of Pennsylvania on February 11, 2002. By order of the Supreme Court dated January 31, 1996, petitioner was disbarred on consent retroactive to February 15, 1995.

A reinstatement hearing was held on August 20, 2002, before Hearing Committee 4.03 comprised of Chair David G. Ries, Esquire, and Members Charlotte S. Jefferies, Esquire, and Michael J. Wagner, Esquire. Craig E. Simpson, Esquire, represented petitioner. Petitioner presented the testimony of seven character witnesses, as well as his own testimony.

The Hearing Committee filed a report on January 6, 2003, recommending that the petition for reinstatement be granted.

The parties did not take exception to the report and recommendation.

This matter was adjudicated by the Disciplinary Board at the meeting of March 26, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Michael Anthony Short. He was born in 1965 and was admitted to the practice of law in Pennsylvania in 1991. His current residence address is RD #9, Box 451, Greensburg, PA 15601.

(2) Petitioner was disbarred on consent by order of the Supreme Court of Pennsylvania dated January 31, 1996. The order made the disbarment retroactive to February 15, 1995.

(3) In October of 1994, petitioner was convicted of conspiracy to possess cocaine with intent to distribute and money laundering.

(4) Petitioner was sentenced to a boot camp program for first-time offenders followed by a three-year period of supervised release.

(5) Petitioner was released from incarceration in 1995 and since that time he has been employed as the general manager of Bobby Dale's Restaurant in Greensburg, Pennsylvania.

(6) Petitioner does not use drugs, nor does he frequent places where drugs are sold, nor does he associate with persons who use drugs.

(7) Seven members of the community who see petitioner on a regular basis offered testimony concerning petitioner's moral character, lifestyle, remorse and rehabilitation. These witnesses included his employer, his girlfriend, and his girlfriend's mother.

(8) Robert Pushic, petitioner's employer, described petitioner as a very reliable employee without whom things would not get done. Mr. Pushic depends on petitioner for the daily running of the restaurant.

(9) Petitioner accepts full responsibility for his conduct and is sincerely remorseful.

(10) Petitioner met the requirements of the current schedule by taking 36 hours of accredited CLE courses with 12 of those hours in the area of ethics.

(11) Petitioner believes that he has matured and is ready to resume the practice of law. His eight years of disbarment have given him ample time for self-reflection, and he knows he will not repeat the mistake he made.

(12) If reinstated, petitioner intends to engage in the general practice of law in Westmoreland or Allegheny County.

## III. CONCLUSIONS OF LAW

(1) The misconduct for which petitioner was disbarred is not so egregious as to preclude reinstatement.

(2) Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

(3) Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

Petitioner's request for reinstatement to the bar after disbarment is initially governed by the standard set forth by the Supreme Court of Pennsylvania in *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). The *Keller* opinion articulates a threshold question which must be met before the requirements of Pa.R.D.E. 218(c)(3)(i) are considered. This threshold inquiry is whether the magnitude of the breach of trust would permit the resumption of practice without a detrimental effect upon the integrity and standing of the bar or the administration of justice nor be subversive of the public interest. Thus, *Keller* requires a determination that the original misconduct was not so offensive as to preclude reinstatement.

Petitioner was disbarred on consent after he was convicted of conspiracy to possess cocaine with the intent to distribute and money laundering. Petitioner became involved with drug dealers through a friend. He attempted to extri-

cate himself from the situation, but before he was able to, he agreed to provide transportation to his friend's girlfriend, who was delivering drugs to various persons. He also wired $12,000 in two separate transactions to the friend in Dallas.

The board and the court have previously found that such misconduct was not so egregious as to prohibit reinstatement. *In re Anonymous No. 45 D.B. 84,* 15 D.&C.4th 321 (1992). Accordingly, the board finds that petitioner's misconduct, while quite serious, is not so offensive as to preclude reinstatement.

The board must next consider whether petitioner met his burden of proving by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law in Pennsylvania and that his current resumption of the practice of law will not have a detrimental impact on the integrity and standing of the bar, the administration of justice, or the public interest. Pa.R.D.E. 218(c) (3)(i).

Following his conviction, petitioner served his incarceration in a prison boot camp. Petitioner was a model prisoner during his seven months of incarceration and was valedictorian of his class. Following his release, he began working as the general manager of a restaurant in Greensburg, which was owned by his friends. These friends have supported petitioner during his period of trouble and testified on his behalf at the reinstatement hearing.

Robert Pushic, petitioner's employer and owner of the restaurant, described petitioner as a very reliable, hard-working individual. Mr. Pushic depends on petitioner to keep the restaurant running on a daily basis. Mr. Pushic finds him to be honest and trustworthy. Other character witnesses testified to these same attributes. Additionally, petitioner

submitted character letters from members of the bar and the community at large attesting to his favorable moral character.

Petitioner testified on his own behalf. He has been disbarred for eight years. He works long hours at the restaurant and leads a simple life. He describes this structured lifestyle as a product of his incarceration in a boot camp. He does not associate with people who use drugs, nor does he use them. Petitioner is sincerely remorseful for his misconduct and accepts full responsibility for his actions. Although he was eligible to apply for reinstatement earlier, he did not believe he was ready until the current time. Petitioner now believes that he has matured enough so that he can resume the practice of law and be an upstanding person.

Considering all of these facts, the board is persuaded that petitioner has met his burden of proving that he has the moral qualifications, competency and learning in the law and that his resumption of the practice of law will not have a detrimental impact on the integrity and standing of the bar, administration of justice, or the public interest.

The board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Michael Anthony Short, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Newman did not participate in the March 26, 2003 adjudication.

## ORDER

And now, July 30, 2003, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 12, 2003, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.